UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
OPERA SOLUTIONS LLC,                              :
OPSAL GLOBAL LTD.,                                :
and OPERA SOLUTIONS SHANGHAI LTD.,                :
                                                  :
                                Plaintiffs,       :     Civil Action No. 08 CV 3284
                                                  :     (HB)(THK)
        -   against -                             :
                                                  :
XIAODONG YAN, XDYAN, LLC,                         :
DIA ASSOCIATES, LLC, IVO NIKOLOV and               :
ANDREY S. KULJIEV,                                :
                                                  :
                                Defendants.       :
------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants Xiaodong Yan, XDYAN, LLC, DIA Associates, LLC, Ivo Nikolov and Andrey S. Kuljiev, submit this memorandum of law in support of their motion for an order dismissing this action pursuant to F.R.C.P. 12(b)(1) on the ground that there is no basis for federal subject matter jurisdiction.[1]

## I.   **Jurisdictional Allegations**

The only basis for federal jurisdiction set forth in the Amended Complaint ("Complaint") invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), Am. Cmplt. ¶ 9 (annexed as Exh. 1 to Affirmation of Marjorie E. Berman, dated May 8, 2008 ("Berman Aff")).

In support of their contentions regarding subject matter jurisdiction, Plaintiffs allege that Plaintiff Opera Solutions LLC is "a limited liability company duly organized and existing according to the laws of the State of Delaware, with a usual place of business at 17 State Street, New York, New York," and that it has its "principal place of business...within this District." Am. Cmplt. ¶¶ 1, 11. The Complaint further alleges that individual defendants Xiaodong ("Don") Yan and Ivo Nikolov are residents of New Jersey, as are the corporate defendants, XDYAN, LLC and DIA Associates, LLC. Am. Cmplt. ¶¶ 4-7. Finally, the Complaint alleges that individual defendant Andrey S. Kuljiev is a resident of the State of New York. Am. Cmplt. ¶ 8.

---

[1] Defendants object to this Court's jurisdiction pursuant to 12(b)(1) but do not waive any defenses under Fed. R. Civ. Pro. 12 or otherwise.

II.     **The Court Lacks Subject Matter Jurisdiction**

The Defendants move to dismiss the Complaint in its entirety because this Court lacks subject matter jurisdiction over this case.[2] The conclusion that there is no diversity jurisdiction in this case is obvious – as set forth below.

Plaintiff Opera Solutions, LLC is a New York domiciliary by dint of the fact that its principal place of business is in New York. Defendant Andrey S. Kuljiev is a citizen of the State of New York for diversity purposes since he is domiciled here. Because a plaintiff and a defendant in this case share the same domiciliary state, complete diversity is lacking and this Court lacks subject matter jurisdiction.

Specifically, 28 U.S.C. § 1332(a)(1) requires complete diversity between the plaintiffs and defendants, such that "no plaintiff can be a citizen of the same state as any of the defendants." *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Herrick*, 251 F.3d at 322. Further, where jurisdiction is lacking, dismissal is mandatory." *Herrick*, 251 F.3d at 321-22; *Fine v. Delande, Inc.*, 545 F. Supp. 275 (S.D.N.Y. 1982) (where

---

[2] "[I]t is well established that the party seeking to invoke [diversity] jurisdiction ... bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. Ins. v. SCS Comm., Inc.*, 251 F.3d 315, 322-323 (2d Cir. 2001). Moreover, the plaintiff has the burden of alleging each party's *citizenship* and failure to do so warrants dismissal for lack of subject matter jurisdiction. *See Vinas v. Briguglio*, 2007 WL 258178 (S.D.N.Y. 2007) ("[A]llegations of residence are insufficient to establish diversity jurisdiction. It is well-established that when the parties allege residence but not citizenship, the court must dismiss the suit."). Here, Plaintiffs merely allege the residency of the individual defendants, but do not allege the defendant's citizenship. Accordingly the allegations in the Complaint are insufficient to establish diversity jurisdiction and the Complaint should be dismissed. In any event, even when the Court looks outside of the Complaint, it is obvious that there is no diversity of citizenship here.

defendant corporation had principal place of business in New York, and plaintiffs were citizens of New York, complete diversity did not exist).

Here, the shared New York citizenship of Plaintiff Opera Solutions and defendant Andrey S. Kuljiev defeats diversity jurisdiction. Specifically, for diversity purposes "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..." 28 U.S.C. § 1332(c)(1) (emphasis added). As set forth in the Complaint, Plaintiff Opera Solution's principal place of business is in New York. Am. Cmplt. ¶ 11. Thus, Opera Solutions is a citizen of New York for diversity purposes.

Moreover, as set forth in section 1332(a), "[f]or the purposes of this section . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." 28 U.S.C. § 1332(a). As set forth in the Complaint, defendant Andrey S. Kuljiev is a resident of the State of New York. Am. Cmplt. ¶ 8. As set forth in the affidavit of Andrey S. Kuljiev, sworn to May 6, 2008 ("Kuljiev Aff.") (Exh. 2 to Berman Aff.), Kuljiev is a citizen of Bulgaria, but obtained his green card from the United States in 2006 and has maintained his domicile in New York since at least 2004. His domicile is evidenced by, among other factors, that he has lived in an apartment of his own in New York City since 2004, has worked in New York City throughout that period, has a vehicle registered in New York State, has financial assets located in New York and pays taxes as a New York State resident.[3] Kuljiev Aff. ¶¶ 2-8. Thus, under section 1332 and applicable case law, Kuljiev is a citizen of

---

[3] A Court may consider affidavits by the parties to determine the existence of diversity jurisdiction. See Weir v. Holland & Knight, 2007 WL 1815494 (S.D.N.Y. 2007) (directing parties to submit affidavits as to their respective state citizenship); Winn v. Schafer, 499 F. Supp.2d 390 (S.D.N.Y. 2007) ("where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.").

the State of New York. *See e.g. National Artists Management Co., Inc. v. Weaving*, 769 F. Supp 1224 (S.D.N.Y. 1991) (enumerating factors court should consider in determining party's domicile including a party's residence, where taxes are paid, where real property is located and where financial accounts are located). *Accord, Bank of India v. Subramanian*, 2007 WL 1424668 (S.D.N.Y. 2007).

Thus, since Plaintiff Opera Solution and Kuljiev share New York citizenship, there is simply no diversity of jurisdiction between the parties.

Accordingly, we respectfully seek dismissal of the Complaint in its entirety, because this Court lacks subject matter jurisdiction to hear this dispute.

### CONCLUSION

For the reasons set forth above, all of the defendants respectfully seek an order dismissing the Complaint for lack of subject matter jurisdiction.

Dated:     New York, New York
           May 8, 2008

                                          KRANTZ & BERMAN LLP

                                   By:    *[signature]*
                                          Marjorie Berman
                                          747 Third Avenue, 32nd Floor
                                          New York, New York 10017
                                          (212) 661-0009

                                          Attorneys for Defendants

4