UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:    **ECF CASE**
OPERA SOLUTIONS LLC,                          :
OPSOL GLOBAL LTD., and                        :
OPERA SOLUTIONS SHANGHAI LTD.,    :    Civil Action No. 08 CV 03284
:    (HB) (THK)
Plaintiffs,             :
:
- against –                 :
:
XIAODONG YAN, XDYAN, LLC,              :
DIA ASSOCIATES, LLC and IVO NIKOLOV  :
:
Defendants.          :
:
------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND CROSS-MOTION
# FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT

George C. Springer, Jr.
Thelen Reid Brown Raysman & Steiner LLP
875 Third Avenue
New York, New York 10022-4728
Tel: (212) 603-2000

*Attorneys for Plaintiffs*

CT #171830 v2

**PRELIMINARY STATEMENT**

Plaintiffs, Opera Solutions LLC, OpSol Global Ltd. and Opera Solutions Shanghai Ltd. (collectively, "Opera"), respectfully submit this memorandum of law and the accompanying declaration of Brenda M. Hamilton dated May 14, 2008 ("Hamilton Declaration") in opposition to Defendants' Motion to Dismiss dated May 9, 2008, and in support of their Cross-Motion for Leave to Amend the First Amended Complaint. Plaintiffs brought their original action on April 1, 2008, and amended as of right on April 7, 2008, to include two new defendants, Andrey Kuljiev and Ivo Nikolov.

On May 13, 2008, Defendants moved to dismiss the present action for lack of subject matter jurisdiction, arguing that the addition of one of the newly added defendants, Andrey Kuljiev, destroyed diversity.

Plaintiffs now seek leave, pursuant to Rules 15(a) and 21 of the Federal Rules of Civil Procedure, to amend the Complaint by filing their proposed amended Complaint, annexed as Exhibit 1 to the Hamilton Declaration (the "Second Amended Complaint"), to drop a dispensable defendant, Andrey Kuljiev, and thereby restore diversity jurisdiction.

**FACTUAL SUMMARY**

**Background**

Opera is an international management consulting firm which combines traditional fee-for-service consulting with private equity and turnaround advisory services for its clients, including growth analytics.[1] On behalf of its clients, Opera has developed a proprietary six-step

---

[1] Growth analytics is the science of analyzing large volumes of complex data for the purpose of developing analytic algorithms designed to help companies grow their business.

approach that includes creating a customized tool -- a unique model developed by Opera for its individual clients -- to identify, pull and analyze data from both the client's customers and other external sources, and to use that data to help the client to optimize its business performance.

Since the inception of the Growth Analytics Practice in 2005, Opera has had strong success with this practice group, and has developed the proprietary and disciplined six-step process that results in tangible and long-term results for its clients. Revenues from the Growth Analytics Practice have grown significantly, exceeding $25 million in 2007, and are expected to increase to over $35 million in 2008.

Opera and its managers and employees have amassed information over the years pertaining to the identity and unique needs of its clients, client preferences and the identity of key client contacts and human resource personnel. This information, plus other information pertaining to Opera's operating methods and procedures, pricing, marketing and business plans and finances, ongoing projects and sales and marketing initiatives, is confidential information belonging to Opera and would be of great economic and strategic value to an existing competitor or an individual or entity seeking to compete against Opera. Opera protects this information from unauthorized disclosure and dissemination to third parties and expects its current and former employees, especially at the management level, to safeguard and not use such confidential and proprietary information and materials to its detriment.

On Friday, March 7, 2008, without warning or advance notice, Mr. Yan terminated his position with Opera by sending an e-mail communication to Opera's Chief Executive Officer, Arnab Gupta, and stating that the termination of his services was "effective immediately." Prior to giving his notice, Mr. Yan recruited at least four other Opera employees key to Opera's Growth Analytics Practice: Mr. Nikolov, Mr. Kuljiev, Jie Zhu and Haijian He. On or about

Friday, March 7, 2008, Mr. Nikolov, Mr. Kuljiev, Mr. Zhu and Mr. He resigned from their positions with Opera.

**Nature of the Amendments**

A copy of the proposed Second Amended Complaint is annexed to the Hamilton Declaration as Exhibit 1. Plaintiffs seek to amend their Complaint to drop a dispensable defendant, Andrey Kuljiev, in order to restore diversity jurisdiction.

On Monday, May 12, 2008, Plaintiffs informed Defendants that they would be seeking leave to amend the Complaint. *Id.* ¶ 4. On that same day, Plaintiffs provided Defendants with a copy of the Second Amended Complaint and asked whether Defendants would consent to the amendment. *Id.* Defendants have declined to consent. *Id.* ¶ 5.

## ARGUMENT

Plaintiffs seek leave of this Court to amend their Complaint and to drop a dispensable defendant, Mr. Kuljiev, pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure.[2] Rule 15 directs that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). In a case where leave to amend "is sought to eliminate a defendant in order to preserve diversity jurisdiction, 'unless it appears that a non-diverse defendant cannot be dropped from an action without prejudice to the remaining defendants, the [Rule 15(a)] motion should be granted and failure to do so is an abuse of discretion." *Samaha v. Presbyterian Hosp. in the City of New York*, 757 F.2d 529, 531 (2d Cir. 1985) (*citing Kerr v. Compagnie de Ultramar*, 250 F.2d 860, 864 (2d Cir. 1958); *see also*

---

[2] The standard for granting the motion is the same whether Rule 15 or Rule 21 is relied upon. *See Kerr v. Compagnie de Ultramar*, 250 F.2d 860, 864 (2d Cir. 1958); 7 Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE § 1685, at 458 (1986) ("it makes no difference whether Rule 15 or Rule 21 is used"). "The Second Circuit has held under similar fact that plaintiff's motion 'is more properly … an amendment of the pleadings under

*Haggerty v. Comstock Gold Company, L.P.*, 770 F. Supp. 216, 220 (S.D.N.Y. 1991) (granting motion to amend complaint to dismiss non-diverse defendant); *cf Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989) (Rule 21 may be used by federal appellate court to dismiss a dispensable, non-diverse party in order to preserve jurisdiction); *Curley v. Brignoli, Curley & Roberts Associates*, 915 F.2d 81 (2d Cir. 1990), cert denied, 499 U.S. 955 (1991) (same).

## POINT I

## MR. KULJIEV IS NOT AN INDISPENSIBLE PARTY TO THE PRESENT MATTER

It is settled law that a plaintiff may drop a non-diverse defendant if that party is not indispensable. *Horn v. Lockhart*, 84 U.S. (17 Wall) 570, 579 (1873). This Court should use its inherent, equitable power to preserve its jurisdiction and to drop the non-diverse defendant, Mr. Kuljiev. *See Jaser v. New York Property Insurance Underwriting Association*, 815 F.2d 240, 243-44 (2d Cir. 1987); *Samaha v. Presbyterian Hosp. in the City of New York*, 757 F.2d 529, 531 (2d Cir. 1985); *Kerr v. Compagnie de Ultramar*, 250 F.2d 860, 864 (2d Cir. 1958); *Fehder v. Nemerovsky*, No. 92 civ 7801 (JFK), 1993 WL 361638, *2 (S.D.N.Y. 1993); *Haggerty v. Comstock Gold Company, L.P.*, 770 F. Supp. 216, 220 (S.D.N.Y. 1991).

The amendment sought by Plaintiffs is proper because the non-diverse defendant they seek to drop from this case is not indispensable to the present action. The Second Circuit has stated that:

> [t]he prejudice that matters is the same as that which determines whether a party is indispensable: "And the question always is or should be, when objection is taken to the jurisdiction of the court by reason of the citizenships of some of the parties, whether, to a decree authorized by the case presented, they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained and the suit dismissed as to them."

---

Rule 15(a).'" *Fehder v. Nemerovsky*, No. 92 civ 7801 (JFK), 1993 WL 361638, *2 (S.D.N.Y. 1993) (*quoting Kerr*

*Samaha*, 757 F.2d at 531 (*quoting Horn v. Lockhart*, 84 U.S. (17 Wall) 570, 579 (1873); *see also Jaser v. New York Property Insurance Underwriting Association*, 815 F.2d 240, 243-44 (2d Cir. 1987).

The criteria for determining whether a party is indispensable are: (1) to what extent a judgment rendered in the party's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the party's absence will be adequate; and (4) whether plaintiff will have an adequate remedy if the action is dismissed for non-joinder. *See* Fed. R. Civ. P. 19(b); *Jaser*, 815 F.2d at 243; *Fehder v. Nemerovsky*, No. 92 civ 7801 (JFK), 1993 WL 361638, *2 (S.D.N.Y. 1993).

The case of *Fehder v. Nemerovsky* is instructive. In *Fehder*, the defendants filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on lack of complete diversity of citizenship. In response, the plaintiff filed a motion to amend the complaint to drop the non-diverse defendant and to restore diversity of citizenship. The court granted the plaintiff's motion to amend after it analyzed the factors set forth above and concluded that the non-diverse defendant was not indispensable. Key among the court's conclusions was the fact that any claim of prejudice by the remaining defendants with respect to the plaintiff's claims for relief is removed by the possibility of those defendants seeking contribution or impleading the non-diverse defendant. *Id.* at *3 (*citing Samaha*, 757 F.2d at 531) ("the possibility of prejudice of the kind asserted by defendant is alleviated by the availability of impleader under Fed. R. Civ. P. 14(a) and intervention as of right under Fed. R. Civ. P. 24(a)(2).").

Similarly, in the present case, the non-diverse defendant, Mr. Kuljiev, is not dependant to the present litigation. As to the first factor, Plaintiffs' claims against Mr. Kuljiev are severable

---

*v. Compagnie de Ultramar*, 250 F.2d at 864).

and the remaining defendants can not claim prejudice with respect to Plaintiffs' claims if Mr. Kuljiev is eliminated from the complaint. As in *Fehder*, any possible claim of possible prejudice is removed by the possibility of Mr. Yan and Mr. Nikolov seeking contribution from Mr. Kuljiev, or seeking to implead him under Rule 14(a) of the Federal Rules of Civil Procedure. *See Fehder*, 1993 WL 361638 at *2; *see also Prescription Plan Service Corp. v. Franco*, 552 F.2d 493, 497 n.4 (2d Cir. 1977). Moreover, given that the remaining Defendants would be individually liable, it is difficult to see how Mr. Kuljiev's absence from this matter could prejudice them. Accordingly, Mr. Kuljiev is not an indispensable party, and Plaintiffs should be granted leave to replead and to restore diversity.

## POINT II

### PLAINTIFFS MOVED FOR LEAVE TO AMEND IN A TIMELY MANNER AND DEFENDANTS WILL NOT BE PREJUDICED BY THE AMENDMENT

Plaintiffs' Motion for Leave to Amend is timely and Defendants will not be prejudiced by this Court's granting of this Motion. As this Court has noted, "absent 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies for amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.' leave to amend a pleading should be 'freely given.'" *Shah v. Consolidated Edison Corp.*, 2006 WL 3155786 (S.D.N.Y. Oct. 26, 2006) (*citing Foman*, 371 U.S. at 182)

In order to show prejudice sufficient to justify denying Plaintiffs' motion, Defendants must demonstrate that the proposed amendment will "'(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another

jurisdiction.'" *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000) (*quoting Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

"Prejudice from granting a motion to amend is generally found in cases in which '[t]he motion comes on the eve of trial after many months or years of pretrial activity; the amendment would cause undue delay in the final disposition of the case; the amendment brings entirely new and separate claims, adds new parties or at least entails more than an alternate claim or a change in the allegations of the complaint.'" *Minoli v. Evon*, No. CV-95-0544, 1996 WL 288473, at *5 (E.D.N.Y. May 24, 1996) (internal citation omitted).

In the present case, Plaintiffs' proposed amendment would neither require Defendants to expend additional resources to conduct discovery and prepare for trial, nor significantly delay the final disposition of the action. This matter is in its very initial stages, indeed discovery has not yet commenced. The Second Amended Complaint merely drops claims against a single dispensible Defendant, Andrey Nikolov, and maintains all claims asserted against the remaining Defendants.

Even if the amendment results in modest increases to Defendants' costs associated with defending their position, this Circuit does not recognize such natural side effects as prejudicial. *Monahan*, 214 F.3d at 284 ("the fact that one party has spent time and money preparing for trial will usually not be deemed prejudice sufficient to warrant a deviation from the rule broadly allowing amendment to pleadings"); *U.S. ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading"); *Morales*, 174 F.R.D. at 255-56 ("'Mere delay … absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'") (*quoting*

*Block*, 288 F.2d at 350). Accordingly, in the absence of prejudice to the remaining Defendants, Plaintiffs' Motion for Leave to Amend should be granted and Mr. Kuljiev dropped as a dispensable party from the present matter.

## **CONCLUSION**

For all the reasons set forth above, Plaintiffs respectfully request that the Court to deny Defendants' Motion to Dismiss and to grant Plaintiffs' Motion for Leave to Amend the First Amended Complaint.

Dated: New York, New York
May 14, 2008

Respectfully submitted,

THELEN REID BROWN RAYSMAN & STEINER LLP

By: */s/ George C. Springer, Jr.* _____
George C. Springer, Jr.
875 Third Avenue
New York, New York 10022
(212) 603-2000
Attorneys for Plaintiffs