UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

OPERA SOLUTIONS LLC,                          :
OPSAL GLOBAL LTD.,                            :        **ECF CASE**
and OPERA SOLUTIONS SHANGHAI LTD.,           :
                                             :
                                             :
                          Plaintiffs,        :        Civil Action No. 08 CV 3284
                                             :        (HB)(THK)
            -   against -                     :
                                             :
                                             :
XIAODONG YAN, XDYAN, LLC,                     :
DIA ASSOCIATES, LLC, IVO NIKOLOV and          :
ANDREY S. KULJIEV,                           :
                                             :
                                             :
                          Defendants.        :

------------------------------------------------------------- x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT and TO FILE A SECOND AMENDED COMPLAINT and REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

By virtue of their application to file a Second Amended Complaint, Plaintiffs have conceded that they filed a jurisdictionally defective First Amended Complaint and that this Court lacks diversity jurisdiction based on that complaint.  To cure this error, Plaintiffs now seek leave to file yet a third pleading to now dismiss the lone non-diverse defendant Andrey S. Kuljiev -- notwithstanding that he is a necessary and indispensable party and that Plaintiffs are now pursuing identical claims against him (and the other defendants) in a parallel state action.   As discussed herein, Plaintiffs' motion to file its Second Amended Complaint should be denied as futile because (a) any attempt to excise this necessary and indispensable party is futile pursuant to Fed. R. Civ. Pro. 19 which requires joinder of necessary and indispensable parties, and (b) this Court should abstain from exercising jurisdiction under the *Colorado River* abstention doctrine in deference to Plaintiffs' *identical* state court action against all of the defendants.   Put simply, Plaintiffs' transparent attempt to manufacture diversity jurisdiction by excluding a necessary party is impermissible under Rule 19, and their attempt to engage in duplicative litigation is not countenanced under established Supreme Court precedent.  Accordingly, we respectfully request that this Court deny Plaintiffs' Cross-Motion to Amend, and grant Defendants' Motion to Dismiss.

## FACTS AND PROCEDURAL HISTORY

### A.    Procedural History

On or about April 1, 2008, Plaintiffs filed a Complaint in this matter.  On or about April 8, 2008, Plaintiffs filed a First Amended Complaint.   The First Amended complaint added individual defendants Ivo Nikolov ("Nikolov") and Andrey S. Kuljiev ("Kuljiev").  On May 9, 2008, Defendants filed a motion to dismiss for lack of subject matter jurisdiction due to the fact that Kuljiev was a New York citizen for diversity purposes and, thus, there was no complete

diversity between the New York Plaintiffs and Kuljiev.  In response, Plaintiffs have implicitly conceded that this Court lacks subject matter jurisdiction if Kuljiev remains in the case, and have filed the present Cross-Motion to file a Second Amended Complaint to remove Mr. Kuljiev from the case to preserve this Court's subject matter jurisdiction.  In their motion, however, Plaintiffs' neglected to tell the Court that they had *no* intention of actually abandoning their claims against Kuljiev; rather, Plaintiffs intended to institute an identical parallel state court action against Kuljiev in addition to pressing its claims in this forum.  In fact, on May 16, 2008, Plaintiffs filed a Complaint in New York state court against all of the defendants in this case.  *See* Affirmation of Marjorie E. Berman, dated May 29, 2008, ¶ 2, Exh. 1.  In that state court action, Plaintiffs have merely re-captioned the First Amended Complaint from this action and filed it in state court; such that the state court complaint is virtually *identical* to the First Amended Complaint in this action and pleads exactly the same facts, parties, allegations, and prayer for relief as set forth in the First Amended Complaint filed here.

## Relevant Allegations In the Original Complaint

The crux of each of the complaints – in federal and state court – is Plaintiffs' contention that defendant Xiandong Yan ("Yan"), a former Principal of Plaintiff Opera Solutions and Managing Director and Head of Opera's Growth Analytics Practice, Cmplt. ¶ 4, recruited several high level employees including Nikolov and Kuljiev to terminate their at-will employment with Opera Solutions, download confidential information and use proprietary/confidential information to compete with Opera Solutions after their departure.[1]  In the original complaint, Plaintiffs did not name Kuljiev as a defendant.  However, at the center of Plaintiffs' allegations was their claim

---

[1]     For purposes of this brief, we have (as we must) assumed all allegations in the Complaint are true.  Defendants do not waive any objections or defenses to the First Amended Complaint or the Proposed Second Amended Complaint.

that defendant Yan intentionally interfered with Kuljiev's contractual obligations to Plaintiffs – presumably by encouraging him to leave and compete with Opera Solutions. Cmplt. ¶ 52.

**B.**    **Relevant Allegations In the First Amended Complaint**

Plaintiffs continued and expanded upon their original allegations in their First Amended Complaint. Specifically, Plaintiffs added Nikolov and Kuljiev as defendants and pressed a total of nine claims, of which seven were pressed against Kuljiev, whom Plaintiffs identified as "a Principal of Opera Solutions and a Senior Vice President of Opera Shanghai." First Am. Cmplt. ¶ 27. Plaintiffs alleged that Kuljiev (together with the other defendants) breached his fiduciary duty of loyalty, defamed Plaintiffs, engaged in unfair competition, misappropriation, unjust enrichment, interfered with contractual relations and prospective business advantage. Plaintiffs seek monetary relief as well as an immediate injunction against Kuljiev and all of the defendants.

Among the allegations in the First Amended Complaint, Plaintiffs allege that the individual defendants – including Kuljiev – have engaged in the following conduct:

- departed Opera Solutions "without warning or advance notice" on March 7, 2008. First Am. Cmplt. ¶¶ 30, 32.

- defendant Yan had "recruited at least four other Opera employees," including Kuljiev. *Id.* at ¶ 31.

- "prior to submitting his resignation and at the direction of Mr. Yan, Mr. Kuljiev accessed Opera Shanghai's computers and downloaded Opera's trade secrets and confidential information, including customer data and other propriety information." *Id.* at ¶ 33.

- "Individual Defendants are now performing and/or marketing growth analytic services in association with a management consulting company that is a direct competitor of Opera." *Id.* at ¶ 35.

- "Defendants have also solicited at least one major client of Opera's with the intent and design to interfere with and sever Opera's relationship with this longstanding client." *Id.* at ¶ 36.

- "Because the Individual Defendants' knowledge of Opera's proprietary six-step analytics process....it is inevitable that they will breach their fiduciary duties owed to Plaintiffs ..." *Id.* at ¶ 38.

- "the Individual Defendants have made various defamatory statements to third parties, including to businesses and individuals who are using, or have contemplated using, Plaintiffs' services, and to members of the business community, about Opera, including negative and false statements about Opera's business capabilities, skills and expertise." *Id.* at ¶ 52.

- "Defendants have engaged in unfair competition...raiding Plaintiff's work-staff and copying portions of Opera Shanghai's website verbatim onto a website controlled by Mr. Yan...." *Id.* at ¶ 57.

- "Mr. Yan is aware of ...Mr. Kuljiev's contractual obligations with Plaintiffs, and...by his aforesaid actions, Mr. Yan has intentionally, maliciously and without justification interfered in and induced the breach of Plaintiff's contractual relationships with Opera." *Id.* at ¶ 68.

## C.    Relevant Allegations in the Proposed Second Amended Complaint

Plaintiffs' Proposed Second Amended Complaint continues to press the same series of allegations but no longer names Kuljiev as a defendant as his presence destroys this Court's diversity jurisdiction.    Plaintiffs, however, continue to press forward with their allegations against Kuljiev and Kuljiev's conduct remains central to Plaintiffs claims.    Indeed, the Proposed Second Amended Complaint alleges, *inter alia*:

- defendant Yan had "recruited at least four other Opera employees," including Kuljiev. Prop. Sec. Am. Cmplt. ¶ 26.

- "shortly prior to submitting his resignation Mr. Yan directed a colleague, Mr. Kuljiev, to access Opera Shanghai's computers and to download Opera's trade secrets and confidential information, including customer data and other proprietary information." *Id.* at ¶ 28.

- "Mr. Yan is aware of ...Mr. Kuljiev's contractual obligations with Plaintiffs, and upon information and belief, by his aforesaid actions, Mr. Yan has intentionally, maliciously and without justification interfered in and induced the breach of Plaintiffs' contractual relationships with Opera." *Id.* at ¶ 62.

D.    **Relevant Allegations in the State Court Complaint**

Plaintiffs' Complaint filed in New York Supreme Court is virtually *identical* to the First Amended Complaint discussed above.  In fact, it appears that Plaintiffs have merely re-captioned the complaint to conform to New York state court practice and jurisdictional allegations, but they have alleged the same facts against the same parties and have sought the identical relief as what they have sought here.

ARGUMENT

For the reasons set forth in Defendants' Memorandum of Law in support of its Motion to Dismiss, Kuljiev's presence as a non-diverse defendant deprives this Court of subject matter jurisdiction over this case.  Implicitly conceding the merits of Defendants' motion, Plaintiffs now seek leave to amend the Complaint to dismiss Kuljiev in name only (but continue to press their allegations against Kuljiev here), and to pursue identical claims against all of the defendants in a parallel state action.  For the reasons discussed below, we submit that this case should be dismissed and Plaintiffs' cross-motion to amend should be denied as futile because (a) Kuljiev is a necessary and indispensable party who must be joined but whose joinder destroys diversity jurisdiction, and (b) dismissal is warranted under *Colorado River* abstention in deference to the identical parallel state court action.

A.    **Rule 19 Requires Denial Of Plaintiffs' Cross-Motion To Amend**

While defendants do not dispute the well-settled principle cited by Plaintiffs that a non-diverse dispensable party may be dismissed from a case to preserve federal diversity jurisdiction, we invoke the similarly well-settled principle that a non-diverse *indispensable* party may *not* be

voluntarily dismissed to preserve federal diversity jurisdiction. *See Poulos v. Nicolaides*, 241 Fed. Appx. 25 (3d Cir. 2007) (voluntary dismissal of only non-diverse party could not be permitted to secure subject matter jurisdiction because dismissed party was "necessary" to the suit, accordingly, entire suit was dismissed); *Acton Co., Inc. of Massachusetts v. Bachman Foods, Inc.*, 668 F.2d 76, 79-80 (1st Cir. 1982) (rejecting notion that law would allow a plaintiff to "create diversity jurisdiction simply by omitting [an indispensable party] from the original complaint and then waiting for [that party] to be joined....").

Here, Plaintiffs' cross-motion to file an amended complaint falls squarely in the latter category, and under Rule 19, it should be denied. Rule 19 requires a two-step analysis. First, under 19(a), the Court must determine whether the absent party is "necessary" and "should be joined if 'feasible.'" FRCP 19(a). Second, if the absent party is necessary but joinder is not feasible, the court must determine if the party is indispensable. FRCP 19(b). If the party is both necessary and indispensable, the case must be dismissed. *Id.* In conducting this analysis, it is critical for a court to bear in mind the related policies furthered by Rule 19 including, the "public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them." *Acton Co.*, 668 F.2d at 78.

1.    **Kuljiev is A Necessary Party**

*First*, Rule 19 directs that necessary parties are those "who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *Shields v. Brown*, 58 U.S. 130, 139 (1854). "[A] court essentially will decide whether considerations of

efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party." *Pujol v. Shearson/American Express, Inc.*, 877 F.2d 132, 134 (1st Cir. 1989). A party is necessary under Rule 19(a):

> if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FRCP 19(a). *To be necessary, a party need only satisfy one of these factors.*

With respect to the first factor – where complete relief cannot be accorded without the subject party – this factor must be considered even where a plaintiff seeks to voluntarily dismiss a defendant. *See Picciotto v. Continental Casualty Co.*, 512 F.3d 9 (1st Cir. 2008) (considering this factor even where plaintiff sought to voluntarily dismiss claim against subject party); *Soberay Machine & Equipment Co. v. MRF Limited, Inc.*, 181 F.3d 759, 764 (6th Cir. 1999) (same). Where complete relief cannot be accorded without the absent party, the absent party is deemed "necessary," such as where injunctive relief against the absent party would be necessary to achieve complete relief. *See Ortiz-Colon v. Rivera-Gonzalez*, 2008 WL 794866 (D. Puerto Rico, March 24, 2008) (relief inadequate under Rule 19 where even if plaintiff prevailed it would still be necessary to impose obligations on the absent party for relief to become effective).

Here, although Plaintiffs appear desperate to maintain this Court's federal jurisdiction, it is patently clear that full relief cannot be accorded without joining Kuljiev as a party. For example, if Kuljiev is not a party and Plaintiffs are successful in their request for injunctive relief – a preliminary and permanent injunction prohibiting each of the defendant from using or disclosing certain information, interfering with Plaintiffs' clients and employees, and unfairly

competing with Plaintiffs – that relief would be wholly inadequate because this Court would lack the authority to bind Kuljiev from using/disclosing the subject information and competing with Plaintiffs. Accordingly, the relief this Court could accord would be inadequate. Thus, under Rule 19(a)(1), Kuljiev is a necessary party.

Moreover, Plaintiffs have alleged a defamation action against all defendants but to the extent that Plaintiffs will identify specific defamatory statements attributable to Kuljiev and/or specific competitive actions by Kuljiev, this proceeding could not remedy that harm. This is further complicated by proceeding piecemeal because any damage award issued here may be inadequate because of the difficulty in determining what business Plaintiffs allegedly lost due to Kuljiev's alleged activities as opposed to others' conduct. These are very real and substantial risks which render Kuljiev necessary under Rule 19(a)(1).

Furthermore, Rule 19(a)(2) directs that a person is necessary if he has an interest in the action which he cannot protect without being made a party, or if his absence subjects the remaining parties to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." FRCP 19(a)(2). There are many scenarios under which a party may be deemed necessary under this subsection. For example, courts have held that an individual's interest in defending himself from accusations levied against him is protected by Rule 19. *See for example*, *Bailey v. Toyota Motor Corp.*, 2003 WL 23142185 (S.D. Ind. 2003) (party necessary where litigation would have decided what role it played in determining liability); *Fourgaut v. Pipe Liners, Inc.*, 1989 WL 81283 (E.D. La. 1989) (dismissing case under Rule 19 where individual defendant was the subject of most of the plaintiffs' allegations acting in concert with other defendants, and eliminating him from the case would "deprive him of the opportunity to defend himself"). Moreover, a party's interest is implicated where an adverse

ruling in the federal action would adversely affect his settlement efforts in a parallel state court

action. *See Picciotto v. Continental Casualty Co.*, 512 F.3d 9 (1st Cir. 2008) (affirming dismissal

under Rule 19 where absence adversely affected person's ability to settle the parallel state claim,

prejudice could not be avoided, and there was a second forum in which the entire suit could be

resolved); *Acton Co.,* 668 F.2d 76 (affirming dismissal under Rule 19, in part, on the conclusion

that "an adverse ruling would be a persuasive precedent in a subsequent proceeding, and would

weaken [the party's] bargaining position for settlement purposes."). Each of these situations is

present in this case.[2]

Here, as in the cited cases, Kuljiev is a necessary party because he has an interest in

defending himself in this action and only he can protect those interests by being made a party

here. Indeed, Kuljiev's conduct is at the center of this action and virtually all of the affirmative

acts that allegedly caused harm to plaintiffs were allegedly done, at least in part, by Kuljiev. In

fact, in the First Amended Complaint, Plaintiffs alleged 7 of the 9 claims against Kuljiev and

spared him only from the claims to which he could not be made a party, *i.e.*, counts seven and

eight (although Kuljiev's alleged misconduct is still implicated in Count Seven). Specifically,

---

[2]    Plaintiffs do not address any of these interests and, in fact, do not acknowledge the prejudice their fragmented litigation strategy will visit on all of the defendants, and the judicial resources that would be wasted to prosecute this run-of-the-mill commercial dispute. Plaintiffs suggest that the only potential prejudice here is the remaining defendants' right of contribution against Kuljiev, and that this prejudice can be remedied by defendants impleading Kuljiev. This is a red-herring. *First*, since Kuljiev is a necessary and indispensable party under Rule 19(b), he *must* be joined, and because his joinder defeats jurisdiction, this Court must dismiss this action. Accordingly, impleader has no place in the Court's analysis. *Second*, impleader is a non-starter because the remaining defendants do not believe they are liable to Plaintiffs, and thus, have no intention of impleading Kuljiev for contribution at this juncture. *Third*, impleading Kuljiev would not remedy the substantial prejudice described above because even if Kuljiev were impleaded, under well-settled law, Plaintiffs could not levy allegations against him, and thus, Plaintiffs could not seek an injunction against him, Kuljiev could not fully defend himself here, and Plaintiffs would continue to press their claims in state court. Thus, impleading Kuljiev would not lessen the substantial risks discussed above.

throughout the complaints, Plaintiffs contend that Kuljiev took confidential/proprietary information from Opera Solutions and at the direction of defendant Yan, has used that information to compete against Opera Solutions. Moreover, Plaintiffs contend that Kuljiev has defamed them in the marketplace, and has caused Plaintiffs serious injury. Thus, given the serious allegations levied against Kuljiev and how intertwined those allegations are with the very core of Plaintiffs' allegations in this case, Kuljiev is a necessary party to this action.

Similarly, as discussed in *Acton Co.* and *Picciotto*, because Kuljiev's conduct will be scrutinized in this case, the results of that scrutiny will have a direct impact on his ability to defend and/or settle the pending state court claims. This too is a legitimate interest protected by Rule 19 which renders Kuljiev a necessary party here. Moreover, continuation of this case without Kuljiev leaves the remaining defendants subject to a substantial risk of "incurring double, multiple, or otherwise inconsistent obligations." FRCP 19(b)(2)(ii). For example, if Plaintiffs obtain an injunction here as well as in state court, those obligations may be inconsistent and may create more confusion and engender further litigation. For all of these reasons, Kuljiev is a necessary party.

### 2.    Kuljiev is An Indispensable Party

Because Kuljiev is a necessary party and his presence destroys complete diversity jurisdiction, the Court must consider under Rule 19(b) whether "in equity and good conscience the action should proceed" without Kuljiev, and if the Court cannot so proceed, Kuljiev is an "indispensable" party and this matter must be dismissed for lack of jurisdiction.

Rule 19(b) presents four non-exclusive factors for courts to consider in making this determination:

> *[F]irst*, to what extent a judgment rendered in the person's absence *might* be prejudicial to the person or those already parties; *second*, the extent to

> which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; *third*, whether a judgment rendered in the person's absence will be adequate; *fourth*, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

FRCP 19(b) (emphasis added).  In addition, courts typically consider "(1) the plaintiff's interest in having a federal forum; (2) the defendant's interest in avoiding multiple litigation, inconsistent relief, and sole responsibility for liability jointly shared, if codefendant is dismissed from the suit; (3) the absent codefendant's inability to protect its interests in any judgment rendered; and (4) the public interest in complete, consistent and efficient settlement of controversies." *Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 73 (2d Cir. 1984).[3]

Applying these factors, courts have deemed parties indispensable when, for example, the prejudice to non-joinder could not be diminished by the court and where an alternative forum is available – especially where a parallel state court action was already pending.  *See Z&B Enterprises, Inc. v. Tastee-Freez Int'l, Inc.*, 2006 WL 123775 (1st Cir. 2006) (affirming dismissal under Rule 19 and applying four factors in case involving claims against primary actor, against whom state court action had already been filed); *Random House, Inc. v. Gemini Star Prods. Ltd.*, 1995 WL 234736 (S.D.N.Y. 1995) (dismissed claim under Rule 19 where state court action was already pending, finding that third and fourth factors under 19(b) "militates heavily in favor of dismissal" because the plaintiffs had already filed a state court action in which all of the parties

---

[3]    Rule 19(b) demands a fact-intensive, individual inquiry. *See Provident Tradesmens*, 390 U.S. 102, 118-119 (1968); *Associated Dry Goods*, 920 F.2d at 1124 ("The drafters of Rule 19(b) did not assign relative weight to each of the factors enumerated in the Rule. Instead, the Rule allows courts themselves to determine the emphasis to be placed on each consideration according to 'the facts of [the] given case and in light of the governing equity-and-good-conscience test' ") (alteration in original).

could be joined and a single case prosecuted.)[4]

Here, applying the four factors set forth in Rule 19(b), it is clear that Kuljiev is an indispensable party and that the entire dispute is best litigated in the forum in which all defendants are subject to jurisdiction – New York State Court. With respect to the first factor, the prejudice described above marshals in favor of this factor. With respect to the second factor, Plaintiffs have not suggested any protective measures that could be undertaken and no such measures are obvious. Put simply, the only means to protect the interests set forth in Rule 19 is to ensure that this matter is tried in a single litigation in a forum in which all of the defendants are subject to jurisdiction – New York State Court.

With respect to the third factor, as set forth above, a judgment rendered without Kuljiev's presence would not be adequate because it could not accord meaningful (or complete) relief to Plaintiffs. In addition, the Supreme Court has interpreted the third criterion under 19(b) "to refer to [the] public stake in settling disputes by wholes, whenever possible, for clearly the plaintiff, who himself chose both the forum and the parties defendant, will not be heard to complain about the sufficiency of the relief obtainable against them." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968). Here, the pending New York State case against *all* of the

---

[4]    For example, in *Thurston v. Page*, 168 F.R.D. 655 (D. Kan. 1996) the court flatly rejected a plaintiff's attempt to do precisely what Plaintiffs attempt here. In *Thurston*, the plaintiff sued a non-diverse physician for medical malpractice but voluntarily dismissed him to avoid destroying diversity jurisdiction, and then filed a virtually identical state court action against him. The remaining defendants sought to join the physician into the case and the court agreed. The Court held "[t]hese dual lawsuits create an environment ripe for both inconsistent judgments and double recovery…", *id.* at 656, that the physician was necessary for a just adjudication of the case, but the dismissal was necessary because joinder destroyed diversity jurisdiction. The Court distinguished the situation before it from the situation where the plaintiffs had abandoned their claim against the non-diverse party and "the risk of inconsistent judgments and double recovery was not imminent…" *Id.* at 657. Similarly, here, by attempting to remove Kuljiev from this action – an allegedly primary actor who allegedly downloaded and used confidential/proprietary information against Plaintiffs – these "dual lawsuits create an environment ripe for both inconsistent judgments and double recovery…"

defendants presents the only option to achieve the public's interest in settling this dispute in whole.

Finally, under the fourth factor, the fact that Plaintiffs have an adequate remedy by proceeding in state court is of paramount weight here. *See Acton Co.*, 668 F.2d at 81 (emphasizing "the existence of a pending state court action raising identical issues to which all necessary actors were parties"). Indeed, where a parallel state court action is pending, this can be a heavy factor in favor of dismissal under Rule 19(b). *See Envirotech*, 729 F.2d at 73-76 (affirming finding that plaintiff's interest in the federal forum has no weight where "the existence of parallel suits...provided adequate alternative fora..."); *Smith v. Kessner*, 183 F.R.D. 373 (S.D.N.Y. 1998) (where parallel state court action was pending, court dismissed action because finding otherwise would subject defendants to great risk of multiple obligations and multiple litigations and "the factor that weighs most clearly in favor of dismissal is the availability of an alternate, more appropriate forum for plaintiffs' claims. As noted above, plaintiffs have already filed a state court action...") Indeed, "equity and good conscience would seem to require that under circumstances such as those present here, parties should present their claims in a state court rather than attempt to manipulate jurisdiction by dropping plaintiffs with a substantial interest in the claim solely for the purpose of retaining jurisdiction in the federal court." *Envirotech*, 729 F.2d at 77 (quoting *Potomac Electric Power Co. v. Babcock & Wilcox Co.*, 54 F.R.D. 486, 492-93 (D. Md. 1972)).

Here, Plaintiffs have filed an *identical* case in State Court. The New York State Courts are obviously well-equipped to deal with this type of commercial dispute and all of the defendants are subject to the jurisdiction of the State Court. Thus, Kuljiev is indispensable under Rule 19.

Accordingly, because Kuljiev is a necessary and indispensable party who must be joined in this action, but whose presence destroys subject matter jurisdiction, Plaintiffs' attempt to amend their complaint is futile, and we renew our request that this matter be dismissed for lack of subject matter jurisdiction.[5]

## B.  Plaintiffs' Amendment Is Also Futile Under Colorado River Abstention

Even if this Court could proceed without joining Kuljiev as a party, Plaintiffs' amendment would still be futile because this Court should abstain in deference to Plaintiffs' identical state court litigation. Under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), a federal court may dismiss an action in deference to a parallel state court action. This form of abstention rests "not on considerations of state-federal comity or on avoidance of constitutional decisions..., but on considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 14-15 (1983) (citations and quotation marks omitted; alteration in original). The central concern of *Colorado River* abstention is judicial economy, *see DeCisneros v. Younger*, 871 F.2d 305, 308 (2d Cir. 1989) ("the value of judicial economy ... animates *Colorado River*"), and a federal court's discretion to abstain is to be exercised "for reasons of wise judicial administration," "giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817.

---

[5]  Should this Court be inclined to dismiss Kuljiev and to permit the federal action to continue, we respectfully request that the Court use its authority to fashion a dismissal order that protects Kuljiev from the risks discussed herein. In fact, at least two of the cases cited by Plaintiffs *support* dismissal with prejudice to eliminate concern that the dismissed defendant may be prejudiced by that dismissal. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 838 (1989) (risk of successive suits against dismissed defendant eliminated by dismissing claims with prejudice); *Haggerty v. Comstaock Gold Co., L.P.*, 770 F. Supp. 216, 220 (S.D.N.Y. 1991) (same).

The prerequisite for *Colorado River* abstention is parallel state and federal litigation. "Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997). Here, there can be no serious question that the state and federal actions are parallel given that Plaintiffs have merely re-captioned the First Amended Complaint in this case and filed it in state court, and the only difference between the Proposed Second Amended Complaint and the state court action is the absence of Kuljiev as a named defendant and jurisdictional allegations. Thus, the prerequisite for abstention is well laid in this case.

Next, to determine whether abstention is appropriate, a district court is required to weigh six factors: "(1) the assumption of jurisdiction by either court over any *res* or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." *Id.* In applying the *Colorado River* factors, the district court must give due consideration to the strong presumption in favor of the exercise of jurisdiction. *Id.* A decision to abstain rests in the sole discretion of the district court and will not be reversed absent an abuse of that discretion, and "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Cone*, 460 U.S. at 16.

Here, the first and second factors are neutral (and thus weighs slightly against dismissal) because there is no *res* in this action, and both forum are equally convenient to the parties.

As to the third factor – the avoidance of piecemeal litigation – this factor weighs heavily in favor of abstention. This factor has often been described as the most important factor in granting abstention. Indeed, the Supreme Court has held that "the most important factor in our decision to approve the dismissal [in *Colorado River*] was the 'clear federal policy...[of] avoidance of piecemeal litigation.'" *Goldentree Asset Management, L.P. v. Longaberger Co.*, 448 F. Supp.2d 589, 594 (quoting *Cone*, 460 U.S. at 16), and the Second Circuit has held that "[m]aintaining virtually identical suits [arising out of the same set of facts] in two forums ...would waste judicial resources and invite duplicative effort...[A]voidance of piecemeal litigation is best served by leaving suits in the state court." *Id.* (quoting *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 211 (2d Cir. 1985)); *see also Retail Marketing Network, Inc. v. Actmedia, Inc.*, 1996 WL 684416, *4 (D. Conn. 1996) (abstaining and noting that the Supreme Court and Second Circuit have noted that the avoidance of piecemeal litigation is "the most important factor in granting abstention").[6]

The critical question under this factor is whether the state proceeding is merely duplicative, or whether it poses the risk of piecemeal litigation which is "a product of additional parties" being named in the state case. *See General Star Int'l Indm. Ltd. v. Chase Manhattan Bank*, 2003 WL 282452 (2d Cir. 2003) (affirming abstention to avoid risk of piecemeal

---

[6]    *See also General Star Int'l Ind., Ltd. v. Chase Manhattan Bank*, 57 Fed. Appx. 892 (2d Cir. 2003) (affirming stay in deference to state court proceeding and affirming district court's conclusion that "the risk of piecemeal litigation to be the most important factor, and found that this factor strongly favored abstention," where several parties were absent from federal litigation); *AIG v. Continental Ins. Co.*, 843 F.2d 1253 (2d Cir. 1988) (affirming abstention); *Mouchantaf v. Int'l Modeling and Talent Assoc.*, 368 F.Supp.2d 303 (S.D.N.Y. 2005) (abstaining where, *inter alia*, risk of piecemeal litigation was high and state court proceeding could protect plaintiff's rights.) *Radioactive, J.V. v. Manson*, 153 F. Supp.2d 462 (S.D.N.Y. 2001) (abstaining where, inter alia, "multiple actions in different courts decrease the chances of both settlement and efficient resolution of the underlying dispute..."); *Wiggins & Co. v. Ampton Invs. Inc.*, 66 F.Supp.2d 549, 554 (S.D.N.Y. 1999) (same granting stay of federal action).

litigation); *Tarka v. Greenfield Stein & Senior, LLP*, 2000 WL 1121557 (S.D.N.Y. 2000)

(abstaining in deference to parallel state court action to avoid piecemeal litigation over state law

claims).    As the Second Circuit has held:

> [T]he primary context in which the Second Circuit has "affirmed *Colorado River*
> abstention in order to avoid piecemeal adjudication has involved lawsuits that
> posed a risk of inconsistent outcomes not preventable by principles of res judicata
> and collateral estoppel. The classic example arises where all of the potentially
> liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant
> seeks a declaration of nonliability and the other potentially liable defendants are
> not parties.

*Woodford v. Community Action Agency of Greene County Inc.*, 239 F.3d 517, 524 (2d Cir.

2001); *see also DeCisneros*, 871 F.2d at 308.  This case presents a similar scenario as that cited

by the Second Circuit; here all of the potentially liable defendants are parties to the state court

action, but Kuljiev would be absent from that case which would result in piecemeal adjudication

that poses a risk of "of inconsistent outcomes not preventable by principles of res judicata and

collateral estoppel."

Specifically, if this Court retained jurisdiction over this case, it would necessitate

piecemeal litigation because Kuljiev cannot be made a full party to this action without dissolving

this court's jurisdiction.  Thus, to obtain full relief, Plaintiffs would have to seek piecemeal

redress in State Court.  In fact, here, Plaintiffs have already demonstrated Kuljiev's necessity to

their complete relief and the need for piecemeal litigation by the fact that they have already

initiated a new action against him and the other defendants in State Court.  In comparison to the

piecemeal litigation which will ensue (and in fact, has ensued) if this Court retains jurisdiction

over this action, if this Court were to abstain, the risk/need of such piecemeal litigation is

nonexistent because *all* of the defendants have been named and are subject to jurisdiction in

State Court.  Thus, it is *only* in state court that the entire dispute can be resolved in one proceeding.  Thus, this factor weighs heavily in favor of abstention.[7]

As to the fourth factor – the order in which jurisdiction was obtained – this factor is also neutral, and thus weighs slightly against dismissal.  This factor "does not turn exclusively on the sequence in which the cases were filed, 'but rather in terms of how much progress has been made in the two actions." *ESI , Inc. v. Coastal Corp.*, 61 F.Supp.2d 35, 72 ("Further, where, as here, there have been no proceedings on the merits, and discovery has not yet been completed in state court, 'the fact that the state action was commenced before …carries little weight."").  Here, this factor is neutral because neither action has proceeded beyond the complaint stage.

As to the fifth factor – whether state or federal law supplies the rule of decision – Plaintiffs have not invoked *any* elements of federal law.  In fact, each of the allegations set forth in the complaints is based on New York State law.   While the "absence of federal issues does not strongly advise dismissal, … the absence of a federal question still slightly favors abstention."  *Tarka*, 2000 WL 1121557 *6 (internal citations and quotations omitted). Accordingly, this factor slightly favors abstention.

As to the sixth factor – whether the "state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction" – this also weighs heavily in favor of abstention.  As discussed above, Plaintiffs *cannot* obtain complete or adequate relief absent Kuljiev being joined as a party.  In contrast, because all of the defendants have been sued in state

---

[7]     Abstention is also well-suited to where the plaintiff brings *both* the federal and state cases, compared to the situation where the defendant in the state court proceeding brings the federal action.  *See  Telesco v. Telesco Fuel and Masons' Materials, Inc.*, 765 F.2d 356, 362 (2d Cir. 1985) (noting distinction and affirming abstention *inter alia* where novel state law issue raised, state proceeding advanced).  Here, Plaintiffs have brought both suits seeking to engage in parallel litigation in two forums.

court and are subject to jurisdiction therein, the state court proceeding is the *only* proceeding that will adequately protect Plaintiffs' rights. Plaintiffs have implicitly demonstrated their belief in the adequacy of the New York State by filing the identical action there.

Finally, weighing each of these factors – the first, second and fourth factors are non-existent so they tip slightly in favor of abstention, whereas the third, fifth and sixth factors weigh in favor of abstention – demonstrate that abstention is well warranted in this case. *See Goldentree,* 448 F. Supp.2d at 595 ("Factors three, four, five, and six weigh in favor of abstention, while factors one and two weigh slightly against abstention. Overall, the balance of factors, especially the weight of the avoidance of piecemeal litigation factor, qualifies this case as an exceptional one in which abstention is warranted."). Given the purpose of *Colorado River* and the avoidance of piecemeal litigation which can be pursued in one forum, and the availability of state court to address all of the state law claims raised herein, the *Colorado River* factors weigh heavily in favor of abstention.[8]

Accordingly, this case presents the "exceptional circumstances" warranting abstention in deference to the recently filed parallel state court action, and we respectfully ask this Court to abstain in deference to the proceeding in New York State court.[9]

---

[8]    Alternatively, this suit is subject to dismissal under the similar *forum non conveniens* factors given that there is a ready and able alternative forum that could provide complete redress for Plaintiff, and litigating this matter in New York Supreme Court would further the public interest in avoiding piecemeal litigation. In evaluating Defendants' request for dismissal under the *forum non conveniens* doctrine, we note that while Plaintiff Opera Solutions LLC maintains its principal place of business in New York City, Plaintiffs Opsol Global Ltd. and Opera Solutions Shanghai Ltd., are foreign plaintiffs. As such their choice of forum is entitled to less deference than that accorded a domestic plaintiff. *See In re Royal Group Technologies Securities Litigation*, 2005 WL 3105341 (S.D.N.Y, 2005)(Baer, J.).

[9]    In the alternative, we ask that this Court stay this action in deference to the state court action under *Colorado River* or *Guilini v. Blessing*, 654 F.2d 189, 193 (2d Cir. 1981). *See Ulico Casualty Co. v. Cox Mechanical Contracting, Inc.*, 2007 WL 2265563 (S.D.N.Y. 2007) (granting

<u>CONCLUSION</u>

For all the reasons set forth above, Defendants respectfully request that this Court deny Plaintiffs' Motion to Amend the First Amended Complaint and to file a Second Amended Complaint and grant Defendants' Motion to Dismiss the First Amended Complaint.  In the alternative, Defendants request that the Court stay the instant action in deference to the parallel state court proceeding.

Dated: New York, New York
      May 29, 2008

                             KRANTZ & BERMAN LLP

                             By: _____
                                 Marjorie E. Berman

                             747 Third Avenue
                             32nd Floor
                             NY, NY 10017
                             212-661-0009
                             Attorneys for All Defendants

Of Counsel:

Marjorie E. Berman
Wendy Gerstmann

---

stay in deference to state action); *Prosperity Partners, Inc. v. Woodbridge Financial Corp.*, 2000 WL 420552 (S.D.N.Y. 2000) (same); *Names for Dames v. Gimbel*, 1989 WL 82417 (S.D.N.Y. 1989) (granting stay rather than abstention or dismissal under Rule 19).